# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS BRIAN ANDERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:14CV01637 ERW |
| | ) |
| MEDTRONIC, INC., | ) |
| MEDTRONIC SOFAMOR DANEK | ) |
| USA, INC., and DOES 1 – 100. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Dennis Brian Anders, Lara Anders, Regina Autrey, Diana Banks-Joiner, Catherine Barbee, Mark Barbee, Eula Berry, Linda Betcher, Sheila Bottorf, Margaret Brown, Eddie Brown, Bradley Burdette, Westley Christian, Tracy Christian, Lisa Conroy, Jeffrey Conroy, Linda Coombs, Donald Coombs, Carolyn Davis, Rickey Davis, Joseph Dressler, Jr., Mark Durand, Tracie Durand, Angela Edwards, Michael Heller, John Fairley, Clara Bridget-Fairley, John Fowler, Jennifer Fowler, Leslie Foxworth, Karen Freeman, Mell Furman, Richard Furman, Julia Gabino, Clifton Groves, Horace Harshaw, Ronald Hatchell, Sondra Hatcher, Jason Hatcher, Cynthia Hatcher, Anthony Hawkins, Delores Hawkins, Jerome Hicks, Tammy Jeans, Jason Jeans, Lorenzo Johnson, Marion Johnson, Amanda Keeton, Trisha Keim, Wesley Kercheval, Douglas Kolhoff, Jason Kost, Molly Savage-Kost, Walter Lacroix, Steven Lenhart, Tammy Jones-Lenhart, Mark Lester, Mozell Lynch, Mayme Martin, Sophronia McCord, Gwendolyn Menard, Joseph Fleming, Dennis Mojica, Grismilda Mojica, William Muirhead, Jenny Muirhead, Juvenal Nieves, Caldonia Patrick, Donna Poole, Joey Poole, Lerisce Powell, Erick Powell, Doris Randle, Walter Randle, Jr., Eddie Roberson, Jessica Roberson,

Kendra Williams Russell-El, John Russell-El, Jennifer Shanedling, Sharon Sharp, Scott Shepherd, Tammy Lynn Shepherd, Stephen Sparagno, Margie Sparagno, Wilbur Spaulding, Richard Steinman, Jr., Sandra Steinman, Dellarine Takieddine, Cynthia Taylor, Linda Tinney, James Tinney, Trevor Towne, Reggie Waddle, Barbara Waddle, Sheryl Jacqueline Whitmire, Daniel Williams, Leah Winzer, Christopher Winzer, and Thomas Yellowwolf, Jr.'s Motion to Remand [ECF No. 15].

I.  BACKGROUND

On December 26, 2013, Plaintiffs filed a Petition against Defendants Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and Does 1 through 100[1] in the Circuit Court of the City of St. Louis, Missouri. The Petition alleges injuries related to the Infuse® Bone Graft and LT Cage® Device (Infuse®), a medical device designed, manufactured, and sold by Defendants.

Infuse® is a "Class III" device, that is, a device "that presents a potentially unreasonable risk of injuring patients or that is used to sustain life." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1203 (8th Cir. 2010) (citing 21 U.S.C. § 360c(a)(1)(C)). Class III devices are approved by the United States Food and Drug Administration (FDA) through a rigorous Premarket Approval (PMA) process, after assurances from the manufacturer that the device is safe and effective. *Id.* The PMA process typically involves a "multivolume application," including, among other things, "full reports of all studies and investigations of the device's safety and effectiveness that have been published or should reasonably be known to the applicant," "a full description of the methods used in, and the facilities and controls used for, the manufacture, processing, and, when relevant, packing and installation of, such device," and "a

---

[1] Does 1 through 100 represent unknown employees and agents of the other co-defendants.

specimen of the proposed labeling." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 318 (2008) (citing 21 U.S.C. § 360e(c)(1)) (internal quotations omitted).

According to Plaintiffs, the FDA has approved Infuse® for spinal fusion surgeries performed from an anterior approach at specific levels of the spine. The Petition alleges Defendants engaged in a fraudulent marketing and promotional scheme to advertise illegal and dangerous uses of Infuse®. Plaintiffs claim, as a result of Defendants' fraudulent conduct, they underwent surgeries in which Infuse® was used in certain "off label," or unauthorized, ways, causing various injuries. The Petition asserts fifteen state law causes of action: (1) negligence, (2) negligence per se, (3) negligent misrepresentation, (4) strict liability for failure to warn, (5) strict liability for a design defect, (6) strict liability for a manufacturing defect, (7) common law fraud, (8) constructive fraud, (9) fraudulent concealment, (10) breach of express warranty, (11) breach of implied warranty, (12) violation of consumer protection laws, (13) violation of the Missouri Merchandising Practices Act, (14) loss of consortium, and (15) gross negligence. Plaintiffs seek punitive damages. Of the 99 individuals named as Plaintiffs in the Petition, 98 are diverse from Defendants. Defendant Medtronic, Inc. is incorporated under the laws of, and maintains its principal place of business in, Minnesota. One Plaintiff, Jennifer Shanedling, is a citizen of Minnesota and therefore nondiverse from Defendant Medtronic, Inc.

On February 3, 2014, Defendants filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs moved to remand the case. On April 24, 2014, this Court remanded the case to the Circuit Court of the City of St. Louis from which it was removed. *Anders v. Medtronic, Inc.*, No. 4:14-cv-00194-ERW, 2014 WL 1652352 (E.D. Mo. Apr. 24, 2014). On September 29, 2014, Defendants again filed a Notice of Removal with this Court, asserting jurisdiction under 28

U.S.C. § 1332 through the Class Action Fairness Act ("CAFA") [ECF No. 1]. Plaintiffs now move to remand the case.

## II. STANDARD

A defendant may remove a case to federal court only if the claim could have been originally brought in federal court. 28 U.S.C. § 1441; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party asserting federal diversity jurisdiction has the burden of proving diversity by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## III. DISCUSSION

Defendants contend federal subject matter jurisdiction is met because Plaintiffs have indicated their desire to have three separate cases tried as one, thus qualifying this as a "mass action" under CAFA. The three cases Defendants refer to are the present case, *Smith v. Medtronic, Inc.,* No. 4:13-CV-02220-CEJ, and *Hendrich v. Medtronic, Inc.*, No. 4:14-CV-01635-AGF. All three cases have been removed from the Circuit Court of St. Louis claiming jurisdiction under CAFA as a "mass action." Each case includes just under 100 plaintiffs and the same defendants. Combined, the three cases meet the minimum requirements for CAFA of over 100 plaintiffs, minimum diversity, and $5,000,000 recovery, according to Defendants. Plaintiffs seek a remand on the grounds they have never requested a joint trial and Defendants' removal was untimely. For reasons stated *infra*, the Court finds it lacks jurisdiction, and the case will be remanded.

### A. *Timeliness*

Plaintiffs argue this case must be remanded because Defendants' Notice of Removal was untimely. 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal within 30 days after defendant receives the pleadings upon which removal is based. The time limit begins when a plaintiff "explicitly discloses she is seeking a remedy that affords a basis for federal jurisdiction." *Atwell v. Boston Scientific Corporation*, 740 F.3d 1160, 1162 (8th Cir. 2013) (citing *Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 974 (8th Cir. 2011)). A pleading includes a copy of an amended pleading, motion, order, or other paper. § 1446(b)(3).

Defendants claim Plaintiffs disclosed the basis for removal in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition"), filed in the Circuit Court of the City of St. Louis on August 22, 2014, when Plaintiffs stated there are common facts, and similar occurrences between the Plaintiffs. Defendants also assert that Plaintiffs' statements against severance of Plaintiffs' claims raise the basis for removal because Plaintiffs' argued that severance would "needlessly multiply the number of judges and juries needed to address the same issue" [ECF No. 1]. Plaintiffs, in contrast, assert there has been no basis for removal because Plaintiffs' have not suggested a proposal to try the three cases together in any pleading, motion, or other paper. In the alternative, Plaintiffs' contend the language cited by Defendants as a basis for removal, first appeared in Plaintiffs' initial petition filed almost a year earlier, well outside the thirty day time limit for removal [ECF No. 23].

As discussed in more detail *infra*, Plaintiffs' statements do not suggest a proposal for joint trial. Each statement cited by Defendants was made concerning solely the plaintiffs and claims involved in this action and not plaintiffs or claims in the other cases. However, this was the first opportunity Defendants had to remove the case on the basis of CAFA. Although

Defendants might have suspected Plaintiffs would request a joint trial, this was the first time Plaintiffs came close to doing so. Therefore, the Court finds Defendants' Notice of Removal was timely.

### B. *Joint Trial Proposal*

Defendants argue this Court has original jurisdiction over this action as a "mass action" under CAFA because Plaintiffs have implicitly requested a joint trial for the three *Medtronic* cases in Plaintiffs' Opposition. Plaintiffs' contend nowhere have they requested, implicitly or explicitly, the idea these trials be joined.

CAFA allows for cases to be removed to federal court as class actions, and this includes "mass actions." §§ 1332(d), 1453(a) and (b). A "'Mass action' means any civil action . . . in which monetary relief of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," but this does not include actions in which "the claims have been consolidated or coordinated solely for pretrial proceedings." §§ 1332(d)(11)(B)(i) and (ii)(IV). State court plaintiffs are allowed to bring common claims against common defendants with fewer than 100 plaintiffs to avoid federal jurisdiction, unless they propose the claims be tried jointly. *Atwell*, 740 F.3d at 1162-63. The critical issue here, as in many "mass action" cases, is if Plaintiffs proposed a joint trial. This issue has arisen in several cases recently. *See In re Abbott Labs*, 698 F.3d 568 (7th Cir. 2012) (holding plaintiffs requested a joint trial when they asserted consolidation through trial would eliminate the risk of inconsistent adjudication); *Koral v. Boeing Co.*, 628 F.3d 945 (7th Cir. 2011) (finding plaintiffs' statements were not a proposal of a joint trial but rather a prediction of what could happen if a mass trial was held); *Bullard v. Burlington N. Santa Fe Ry Co.*, 535 F.3d 759 (7th Cir. 2008) (holding the filing one complaint implies all plaintiffs included in the complaint are proposing

one trial); *Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014) (finding a proposal for a joint trial was not present solely because plaintiffs filed multiple claims each with less than 100 plaintiffs). To determine such an issue, the Court must closely review the prior proceedings between the parties in Circuit Court of the City of St. Louis. *Atwell*, 740 F.3d at 1163.

Defendants suggest four instances where Plaintiffs proposed these cases be tried jointly. First, Defendants refer to Plaintiffs' Opposition, at page 54, where Plaintiffs state "[h]ere, there are numerous common questions of fact concerning the conduct of Defendants common to all Plaintiffs." Second, on the following page, Plaintiffs state their "Petition is replete with common facts alleging improper and illegal behavior that harmed all of the Plaintiffs" and "the severance of Plaintiffs' claims would needlessly multiply the number of causes of action and the number of judges and juries needed to address the same issue . . ." Third, Defendants refer to Plaintiffs' Opposition at page 51, when Plaintiffs state joinder of the claims "is consistent with the important policy . . . 'to try all issues arising out of the same occurrence or series of occurrences together.'" Finally, Defendant cites Plaintiffs' Surreply on page 18, where Plaintiffs assert their claims "stem[] from [a] common set of facts."

After a careful review of the passages Defendants' cite and the remainder of Plaintiffs' Memorandum in Opposition and Surreply, this Court finds Plaintiffs have not requested the three cases be tried jointly. Plaintiffs' statements in their Opposition are referring solely to the plaintiffs listed in *Anders v. Medtronic, Inc*. Plaintiffs are not referring to the parties in the other two cases. Plaintiffs' are arguing against the severance of claims brought in this case and joinder of these claims is proper; Plaintiffs are not arguing all of the claims in all three cases should be joined. Plaintiffs should be allowed to respond to Defendants' Motion to Dismiss and Request

for Severance without then forfeiting their chosen forum because of those arguments. *Koral*, 628 F.3d at 947.

Nowhere else in Plaintiffs' pleadings do they suggest consolidation in any manner. In *Atwell*, plaintiffs urged the state court to assign the claims to a single judge for consistency, judicial economy, and administration of justice, and explicitly stated the cases be assigned to a judge who is going to try the cases. 740 F.3d at 1165. These statements caused the Court to conclude the plaintiffs were proposing a joint trial. *Id.*, at 1166. Similar facts are not present here. Although the three cases, along with approximately fifteen other cases, were consolidated, it was solely for pre-trial matters and not at the request of Plaintiffs [ECF No. 23-2]. Filing separate but similar complaints against a common defendant in the same court does not constitute a proposal for a joint trial. *Parson*, 749 F.4d at 889. While a proposal for joint trial can be implicit, the Court does not find any explicit or implicit proposals for a joint trial by Plaintiffs. *See In re Abbott Laboratories*, *Inc*., 698 F.3d at 573.

Plaintiffs have not suggested a joint trial for *Anders v. Medtronic, Inc*., *Smith v. Medtronic, Inc*., and *Hendrich v. Medtronic, Inc*., therefore, the Court finds this is not a mass action. Consequently, the Court does not have federal subject matter jurisdiction. The case shall be remanded to the Circuit Court of the City of St. Louis for further proceedings.

### C. Fees and Costs

Finally, Plaintiffs request costs pursuant to 28 U.S.C. § 1447(c), which permits the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of . . . removal." The Court may award fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

(2005). Here, Defendants had objectively reasonable bases for removal; the parties on both sides presented strong arguments on this matter. Plaintiffs' request for costs is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 15] is **GRANTED**, except to the extent it seeks costs under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

Dated this 17th Day of October, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE